UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR CO.,

        Plaintiff,

v.                                         Case No. 05-74178
                                       Honorable Patrick J. Duggan

L&H TECHNOLOGIES, INC.,

        Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 23, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff Ford Motor Co. ("Ford") initiated this lawsuit on November 1, 2005, alleging that defendant L&H Technologies, Inc. ("L&H") wrongfully used and offered for sale Ford's proprietary technology and trademarks. Specifically, Ford alleges the following claims against L&H: (1) theft of trade secrets in violation of the Michigan Uniform Trade Secrets Act; (2) breach of contract; and (3) trademark infringement in violation of the federal Lanham Act. Presently before the court is L&H's motion to dismiss or, in the alternative, to stay this lawsuit pending resolution of L&H's first-filed lawsuit in North Carolina. The court held a hearing on L&H's motion on January 19,

2006.

## Factual and Procedural Background

This case concerns the design and development of a machine for providing data about the chassis systems on NASCAR race cars, known as the "K-Rig." On January 3, 2005, L&H provided a quote to Technosports, Inc. to design and build the K-Rig for Ford. *See* Mot. Ex. A. Technosports is a Tier-One supplier for Ford. On or about January 3, 2005, Technosports accepted L&H's quote and issued a purchase order to L&H for the K-Rig.

After Technosports issued the purchase order to L&H, Ford provided L&H with "confidential and proprietary" information that Ford wanted included in the K-Rig. L&H subsequently built the K-Rig and delivered it to Technosports. L&H thereafter began to market the K-Rig to potential customers. In its promotional materials, L&H used Ford's trademarks.

On September 8, 2005, Technosports contacted L&H and requested that L&H cease marketing the K-Rig for sale. Apparently L&H agreed to stop using Ford's trademarks in its promotional materials, but asserted that it had the right to continue marketing and selling the K-Rig. L&H maintained that it owned the intellectual rights to the K-Rig; Technosports claimed that it and/or Ford were the owners. On September 22, 2005, Ford sent an e-mail to Technosports stating "[s]hould L&H release a CD with any materials which would represent this machine as saleable by L&H please advise me immediate [sic] so that I might consider proper legal action in accordance with your

companies [sic] agreement with Ford and with L&H." *See* Mot. Ex. C. The e-mail– or at least the message contained therein– subsequently was conveyed to L&H.

Therefore, on September 26, 2005, L&H filed a declaratory judgment action against Ford and Technosports in North Carolina state court, seeking a declaration as to the parties' rights with respect to the technology contained in and the ownership of the K-Rig. *See* Mot. Ex. D. On October 27, 2005, Ford and Technosports removed the action to the United States District Court for the Western District of North Carolina (hereafter the "North Carolina action"). On November 1, 2005, Ford filed the pending matter in this court against L&H (the "Michigan action").

## Applicable Law and Analysis

Relying on the first-to-file rule, L&H asks the court to dismiss the Michigan action in favor of the first-filed North Carolina action. In response, relying primarily on *AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004), Ford contends that the rule is not applicable in the present situation because the first-filed case is a declaratory judgment action and because L&H engaged in "procedural fencing and rac[ed] to the courthouse." *See* Resp. at 8. At the motion hearing, Ford further argued that the Michigan action is "preferable" to the North Carolina action because the Michigan action "more closely focuses" on the issues at hand. Citing *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), L&H replies that generally even a first-filed declaratory judgment action is given priority; although L&H acknowledges that certain exceptions are made when "justice or expediency requires," for example where the plaintiff in the first-filed

3

action engages in negotiation tactics in order to delay the other party from filing first–such as by indicating a willingness to settle the dispute without litigation." *See* Reply at 2 (quoting *Genentech*, 998 F.2d at 937).  L&H maintains, however, that it did not engage in procedural fencing because the parties were not engaged in settlement discussions and, in fact, they had not even discussed the possibility of settlement.

The first-to-file rule is a discretionary doctrine providing "that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, No. 00-3183, 2001 WL 897452, at *3 (6th Cir. 2001)(quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)).  As the Sixth Circuit recognized in that case, however, "[d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands." *Id*.  "Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Id*.

In *Daimler-Chrysler Corporation v. General Motors Corporation*, 133 F. Supp. 2d 1041 (N.D. Ohio 2001), the Honorable James Carr addressed the issue of which court should decide whether to apply the first-to-file rule: the court assigned to the first-filed lawsuit or the court assigned to the latter-filed suit.  In every case Judge Carr reviewed, the court concluded that the most appropriate approach is for the court where a complaint is filed first to determine which case should go forward.  133 F. Supp.2d at 1043-44 (collecting cases).  As Judge Carr stated, "I have found no case in which a court that has

considered the issue has concluded that the second-filing court should . . . arrogate that decision to itself." *Id*. at 1044. This includes the determination as to whether special circumstances exist to justify disregarding the first-to-file rule. *Id*. at 1042; *see also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999)(holding that "[t]he district court correctly refused to act as a 'super appellate court' by entertaining either the plaintiff's jurisdiction or the defendant's standing arguments, and properly limited its inquiry to the potential overlap between the two cases. By so limiting its analysis, the district court indeed avoided trenching the authority of its sister court ...") Notably, Judge Carr found that courts followed this approach even where the first-filed action was a declaratory judgment action. *Id*. at 1043.

The Court believes that this approach makes sense for at least two reasons in most cases. First, as Judge Carr stated, "[l]eaving the decision of the first to file dispute to the court in which the first case was filed . . . establishes a bright line rule, which is as easy to apply as it is to understand." *Id*. at 1044. Second, comity dictates that the second judge to get a case should defer to the court of first-filing.

Where the first-filed action seeks a declaratory judgment, there is an additional reason for deferring to the court of first-filing. "'District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act . . .'" *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004)(quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137 (1995)). Both the Sixth Circuit and Fourth Circuit (in which the North Carolina court sits) have adopted multiple factors for district

courts to consider in determining whether to exercise jurisdiction over declaratory judgment actions. *Id*. at 785 (citation omitted); *Nautilus Ins. Co. v Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994). Obviously the court in which the declaratory judgment action is pending must make this determination. In fact in the cases cited by the parties involving declaratory judgment actions and the first-to-file rule, the court deciding which case should proceed was the court in which the declaratory judgment action had been filed.[1] *See, e.g. AmSouth Bank*, 386 F.3d at 784-91 (applying the Sixth Circuit's five-factor test to find that the district court abused its discretion in exercising jurisdiction over a declaratory judgment action "when a subsequently-filed coercive action" by the "natural plaintiff" was pending); *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931 (Fed. Cir. 1993)(finding that the district court erred in declining to hear a declaratory judgment action where a second-filed patent infringement action was pending)[2]; *Albie's Foods, Inc. v. Menusaver, Inc.*, 170 F. Supp. 2d 736 (E.D. Mich. 2001)(dismissing first-filed declaratory judgment action by alleged infringer of patent in favor of patentee's later-filed direct infringement suit).

---

[1] Consistent with Judge Carr's findings, these courts also were the courts in which the actions were first filed.

[2] Notably, the court in *Genentech* held that courts in patent cases should prefer the forum of the first-filed action, whether or not that action is a declaratory judgment action or an infringement action, "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." 990 F.2d at 937 (declining to apply *Tempco Electric Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746 (7th Cir. 1987)).

Ford believes the Sixth Circuit's decision in *AmSouth Bank* should lead this Court to conclude that it should decide in which jurisdiction the parties' dispute should be resolved. The court in *AmSouth Bank*, however, was not addressing the first-to-file rule even though there was a second action filed in Mississippi that the District Court for the Middle District of Tennessee enjoined from proceeding (presumably based on the first-to-file rule). Instead, the Sixth Circuit was addressing the appropriateness of the district court's assertion of jurisdiction over the plaintiff's declaratory judgment action. In doing so, the court analyzed the various factors relevant to a district court's determination as to whether it should exercise jurisdiction over a declaratory judgment. Nothing in the *AmSouth* opinion leads this Court to believe that those are factors to be addressed by *this Court*; rather, they are factors the Sixth Circuit believes should be considered by a court in which a declaratory judgment action has been filed.

For the reasons discussed above, this Court believes that the North Carolina court should decide whether it wishes to exercise jurisdiction over L&H's declaratory judgment action and/or whether the first-to-file rule should be followed under the circumstances of the case before it. On January 20, 2006, L&H filed a supplemental pleading in order to inform this Court of the North Carolina court's decision on those issues. In ruling on Ford's motion to dismiss or, in the alternative, to stay based on the Michigan action, the Honorable Graham C. Mullen held in a January 20, 2006 order that the first-to-file rule should apply and that no special circumstances warrant an exception to the rule. Judge Mullen therefore denied Ford's motion. Based on that ruling, the Court believes the

latter-filed Michigan action should be dismissed.

      Accordingly,

      **IT IS ORDERED**, that L&H's motion to dismiss is **GRANTED**.

                                           s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Brian H. Rolfe, Esq.
Kathleen Lang, Esq.
Gregory D. Phillips, Esq.